Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 08-1885

CESAR QUIÑONES,

Plaintiff, Appellant,

v.

UNITED STATES OF AMERICA,

Defendant, Appellee.

APPEAL FROM THE DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Lipez and Leval,[*] Circuit Judges.

Daliah Lugo Auffant with whom Pérez Vargas & Lugo Auffant
Law Offices, P.S.C. were on the brief for appellant.
Steve Frank with whom Leonard Schaitman was on the brief
for Gregory G. Katsas, Assistant Attorney General, and Rosa Emilia
Rodriguez-Velez, for appellee.

April 29, 2009

_____

[*]Of the United States Court of Appeals for the Second Circuit,
sitting by designation.

**LEVAL**, <u>Circuit Judge</u>.  Cesar Quiñones ("Plaintiff") appeals from the judgment of the United States District Court for the District of Puerto Rico (Pieras, *J.*) granting summary judgment in favor of Defendant, the United States of America.  Plaintiff's claim, brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, is essentially that the doctors of the United States Veterans Administration ("VA") negligently misdiagnosed his illness as schizophrenia, when in fact he was suffering from post-traumatic stress disorder ("PTSP"), and accordingly failed to treat his illness correctly.  The district court dismissed the claim because Plaintiff failed to present his administrative claim to the VA within two years as required by the Act.  We affirm.

BACKGROUND

Plaintiff served in the army from 1964 to 1967 and saw combat in the Vietnam War as a medic.  Since his return from the Vietnam War, Plaintiff has suffered difficulty sleeping, depression, isolative behavior, nightmares, flashbacks, hallucinations, homelessness, difficulty maintaining employment, marital strife, and a suicide attempt.

Between 1968 and 1983, Plaintiff was diagnosed with schizophrenia and treated for it on several occasions at the San Juan Veterans' Medical Center ("SJVMC").  He was hospitalized a number of times during this period.  The diagnosis for one

hospitalization was "schizophrenic reaction, catatonic type." He was treated during hospitalization with a number of medications and psychotherapy.

In October 1983, Plaintiff was diagnosed for the first time at SJVMC with PTSD, in addition to schizophrenia. The diagnosis at this time included both schizophrenia and PTSD. Thereafter, Plaintiff sought numerous times to claim service connection for PTSD. Service connection requires medical evidence diagnosing the condition, a link between current symptoms and an in-service stressor, and credible supporting evidence that the claimed in-service stressor occurred. Plaintiff's requests were denied a number of times, including in June 1994, June 2002, and July 2006.

On January 20, 1994, Plaintiff received a Compensation and Pension Exam Report, pursuant to evaluation of his claim for service-connected PTSD diagnosis. In this exam, his diagnosis was "[s]chizophrenia undifferentiated type, in remission of acute systems." The report stated, "It is the unanimous opinion of the Board that there is no clinical evidence in history or in clinical evaluation for a Post Traumatic Stress Disorder diagnosis."

He received another Compensation and Pension Exam Report in June 1999 in Florida. This time, however, the report stated, "While the patient has been diagnosed as undifferentiated schizophrenia, the patient's symptoms now and description of

symptoms since his time in Vietnam are more consistent with a diagnosis of post-traumatic stress disorder." The stated diagnosis was PTSD and history of undifferentiated schizophrenia. A Compensation and Pension Exam Report based on an examination in September 2000, by a doctor at a VA facility in Florida, concurred with the PTSD diagnosis. The reporting doctor stated, "I agree with [the June 1999] assessment that although the patient was diagnosed with undifferentiated schizophrenia during his time in the military service, his symptoms now and the description of his symptoms since his time in Vietnam are more consistent with that of a diagnosis of posttraumatic stress disorder." This report concluded, "Again, I do not feel that the diagnosis of schizophrenia is an accurate one. I do feel that he suffers from posttraumatic stress disorder, and that accounts for his hallucinations and delusions as well as the depressive component that i[s] seen in this patient."

In his deposition, Plaintiff was asked, "And what diagnosis did they g[i]ve you at VA in Orlando, VA Hospital." He answered, "They both said I had PTSD, not schizophrenia and I was evaluated twice in [Florida]; once by [Dr. O'Dell] and I don't remember the name of the other doctor but they came to the same determination . . . ."

Plaintiff testified that after his time in Florida he went to Panama in 2004, where a private psychiatrist said that he

was being given the wrong medication because the schizophrenia diagnosis was incorrect. In October 2005 Plaintiff requested from the VA a copy of his records.

Plaintiff filed an administrative claim with the VA in May 2006. He claimed medical malpractice for wrongful diagnosis and treatment and he claimed physical and emotional damages. He stated that the VA wrongfully diagnosed him with and treated him for schizophrenia.

After waiting the requisite six months without an agency decision on his claim, Plaintiff filed the instant action in May 2007.[1] Defendant moved for summary judgment on the ground that the district court lacked subject matter jurisdiction because Plaintiff failed to file a timely administrative claim with the VA. The district court agreed and entered judgment in favor of Defendant.

## DISCUSSION

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits." Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008). This Court reviews a district court's grant of summary

---

[1] Under the FTCA, a claimant must present his claim to the appropriate government agency and await either a final disposition of the claim or the passage of six months without such a disposition before filing suit in district court. 28 U.S.C. § 2675(a).

judgment *de novo*, construing the record evidence in the light most favorable to the nonmoving party. Dennis v. Osram Sylvania, Inc., 549 F.3d 851, 855 (1st Cir. 2008).

The FTCA's statute of limitations provides, in relevant part, that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Under the discovery rule, which applies to medical malpractice claims, a claim accrues when the plaintiff knows both the existence and cause of his injury. McIntyre v. United States, 367 F.3d 38, 51 (1st Cir. 2004).

Plaintiff filed his administrative claim with the VA in May 2006. As a result, the FTCA statute of limitations bars his claim unless his claim accrued within two years prior to such date. Plaintiff acknowledged in his deposition that in his consultation at the VA clinic in Orlando in 1999, he was given a diagnosis of "PTSD, not schizophrenia." He acknowledged further that when he was evaluated again in Florida the doctors gave him the same determination. Upon his receipt of those pieces of advice that his earlier schizophrenia diagnosis was incorrect, his claim accrued. At that point, he was obligated, in order to preserve his claim, to present it in writing within two years to the appropriate Federal Agency. 28 U.S.C. § 2401(b). He did not file an administrative claim until 2006, which was not timely. As a result, his claim is

barred.  The district court properly granted summary judgment on this ground.

We have reviewed Plaintiff's other arguments and find them to be without merit.  We affirm.